UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MAGICON, LLC, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 4:08-cv-03639 |
| WEATHERFORD INTERNATIONAL, INC. D/B/A WEATHERFORD INTERNATIONAL, LTD., | § | |
| Defendant. | § | |
| WEATHERFORD INTERNATIONAL, INC., and WEATHERFORD U.S., L.P., | § | |
| Plaintiffs, | § | |
| v. | § | CIVIL ACTION NO. 4:08-cv-03636 |
| MAGICON, LLC, KING WADE BENNETT, Individually, BOBBY DIAZ, Individually, JOE PUCCIA, Individually, and MARK DONAHO, Individually, | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Joe Puccia's Motion to Dismiss (C.A. No. 08-cv-3636, Doc. No. 16). For the following reasons, this Motion must be denied.

I.  INTRODUCTION

This civil action arises out of a contested venture of MagiCon, LLC ("MagiCon") and Weatherford International, Inc. ("Weatherford")[1] to create a program, the "Forecasting Module", to manage forecasting at Weatherford.[2] In late May 2008, MagiCon's principal, Mark Donaho, terminated the staff of MagiCon, including Bobby

---

[1] Weatherford U.S., L.P. is a solely owned subsidiary of Weatherford International, Inc. They will be referred to, collectively, as Weatherford.
[2] More detailed factual descriptions of this case are presented in prior orders.

1

Diaz and Joe Puccia. In June 2008, Weatherford orally contracted with Diaz and Jana Systems, Inc. ("Jana Systems"), Puccia's corporation, for them to enhance features of a software program that helped Weatherford plan for the tools and equipment needed in projects. (Puccia's Motion to Dismiss, C.A. No. 8-cv-3636, Doc. No. 16, at 6.) Weatherford terminated its relationship with Diaz and Jana Systems in July 2008. (Doc. No. 16, at 6.) Diaz and Jana Sytems submitted invoices for the time spent on Weatherford's project, and Weatherford paid them. (*Id.*) Puccia now claims that Weatherford has no action against him because all of his work for Weatherford was contracted for and performed in his capacity as the owner of Jana Systems, not in his individual capacity. (*Id.* at 7.) This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338 and § 1367.

## II.  MOTION TO DISMISS

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, a court must "accept the complaint's well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. ---, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).

## III.   COPYRIGHT INFRINGEMENT

Weatherford contends it has a claim for copyright infringement against Puccia, individually. In the alternative, Weatherford seeks leave of Court to conduct discovery so that it may determine whether Puccia owns and operates Jana Systems such that he is an alter-ego for the corporation.

To succeed on a claim for direct copyright infringement, a plaintiff must prove two elements: (1) ownership of the copyrighted material and (2) actionable copying by the defendant (or violation of one of the other enumerated rights recognized by copyright law).[3] *See* 17 USC 501(a); *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991); *Armour v. Knowles*, 512 F.3d 147, 152 (5th Cir. 2007); *Allied Mktg. Group, Inc. v. CDL Mktg., Inc.*, 878 F.2d 806, 810 (5th Cir. 1989); *Arista Records v. Greubel*, 453 F.Supp.2d 961, 966-67 (N.D. Tex. 2006).

Here, Weatherford alleges that Puccia and Diaz, retained without authorization copies of Weatherford's copyrighted works, including iMarks, WBAMS, WAM and the Forecasting Module. (Weatherford Compl. ¶ 45, C.A. No. 8-cv-3636, Doc. No. 1.) Subsequently, they made copies without authorization of these programs and forwarded them to MagiCon's receiver. Moreover, Weatherford contends that King Wade Bennett (a MagiCon principal), Puccia, and Diaz developed from Weatherford's copyrighted

---

[3] Subject to sections 107 through 120, the owner of copyright under this title has the exclusive rights to do and to authorize any of the following:
    (1) to reproduce the copyrighted work in copies or phonorecords;
    (2) to prepare derivative works based upon the copyrighted work;
    (3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending; ....
17 U.S.C. § 106.

3

works derivative works for a company known as Exterran. (Compl. ¶ 59.) Weatherford has filed copyrights registrations for the works mentioned. Consequently, to the extent Weatherford does legitimately have copyright ownership over the contested works[4], it has stated a claim against Puccia.

## IV. INDIVIDUAL LIABILITY

Weatherford also contends Puccia may be held individually liable for infringing acts performed by Jana Systems because he had a financial interest in the activity and an opportunity to supervise and control the infringing performance. Weatherford contends, and Puccia acknowledged in his Motion, that Puccia owns Jana Systems. Weatherford avers that Puccia operates Jana Systems out of his home in Katy, Texas. Weatherford also seeks leave to add Jana Systems to the Complaint in addition to claims against Puccia in his individual capacity. Puccia does not respond to these arguments.

A corporate officer may be held financial liable for copyright infringement if he has a financial stake in the activity and has the ability and the right to supervise the activity causing infringement. *Playboy Enterprises, Inc. v. Webbworld, Inc.*, 991 F.Supp. 543, 553 (N.D. Tex. 1997); *Fermata Intern. Melodies, Inc. v. Champions Golf Club, Inc.*, 712 F.Supp. 1257, 1262 (S.D. Tex. 1989); 3 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 12.04[A][1]-[A][2] (Matthew Bender, Rev. Ed.) (noting that an officer may be personally liable if he participates personally rather than merely in his corporate capacity). *See also Engineering Dynamics, Inc. v. Structural Software, Inc.*, 26 F.3d 1335, 1349-50 (5th Cir. 1994) (holding that the district court erroneously dismissed claims against a corporate officer because the defendant had first infringed the copyright at issue not at the direction of another but, rather, initiated the copyright infringement for

---

[4] These works are the subject of cross partial motions for summary judgment of MagiCon and Weatherford.

his own personal gain); *Mead Johnson & Co. v. Baby's Formula Service, Inc.*, 402 F.2d 19, 23 (5th Cir. 1968) (holding that, while a corporation may be liable under a theory of respondeat superior for acts of the individual defendants, the corporation's liability does not relieve them of their own responsibility for infringement); *Southern Miss. Planning & Development Dist., Inc. v. Robertson*, 660 F.Supp. 1057, 1062-63 (S.D. Miss. 1986) (noting that the doctrine of respondeat superior applies to copyright infringement by an employee acting in the scope of his employment). Consequently, because Puccia and Jana Systems may both be jointly and severally liable for infringement, Puccia's Motion on this ground will be denied.

## VII. CONCLUSION

Puccia's Motion to Dismiss is **DENIED**. Weatherford's request to add Jana Systems, Inc. as a party is **GRANTED** as this motion was made within the time allotted to add new parties, and Puccia has presented no specific opposition to the request.

**IT IS SO ORDERED.**

SIGNED at Houston, Texas, on this the ___10th___ day of August, 2009.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES
THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY
OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH
THEY MAY HAVE BEEN SENT ONE BY THE COURT.**