UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MAGICON, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 4:08-cv-03639 |
| | § | |
| WEATHERFORD INTERNATIONAL, | § | |
| INC. D/B/A WEATHERFORD | § | |
| INTERNATIONAL, LTD., | § | |
| | § | |
| Defendant. | § | |

| | | |
|---|---|---|
| WEATHERFORD INTERNATIONAL, | § | |
| INC., and WEATHERFORD U.S., L.P., | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | CIVIL ACTION NO. 4:08-cv-03636 |
| | § | |
| MAGICON, LLC, KING WADE | § | |
| BENNETT, Individually, BOBBY DIAZ, | § | |
| Individually, JOE PUCCIA, Individually, | § | |
| and MARK DONAHO, Individually, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Pending before the Court is the Motion to Strike Mark Donaho's Affirmative Defense (C.A. No. 08-cv-3636, Doc. Nos. 36, 37) of Weatherford International, Inc. ("Weatherford"), and King Wade Bennett's Motion to Dismiss. (C.A. No. 08-cv-3636, Doc. No. 24.) For the following reasons, both Motions must be denied.

I. INTRODUCTION

Defendant Weatherford International, Inc.[1] ("Weatherford") is a multinational company and one of the largest global providers of advanced products and services in the

---

[1] Weatherford U.S., L.P. is a solely owned subsidiary of Weatherford International, Inc. They will be referred to, collectively, as Weatherford.

1

oil patch, including drilling, evaluation, completion, production, and intervention cycles of oil and natural gas wells. (Weatherford's Orig. Compl., C.A. No. 08-cv-3636, Doc. No. 22.) In 2007, Weatherford began negotiations with MagiCon to use some of Weatherford's existing business practices, methodologies, and copyrighted works to create an integrated web-based forecasting system ("Forecasting Module") that could be accessed and updated by product line managers and business executives.[2] (Weatherford Compl. ¶¶ 13, 18.) Weatherford and MagiCon entered into an agreement for the development of the Forecasting Module ("Agreement"). (Compl. ¶ 21.) Weatherford attaches this purported contract to its Complaint, but it is labeled a proposal and is not signed by the parties (the Agreement will also be referred to as the "Proposal" where relevant). (Compl. Ex. H.) Weatherford contends that both parties are in accord that the Proposal became the contract between the parties at some point. (Weatherford Opp. at 4, C.A. No. 8-cv-3636, Doc. No. 34.) The present litigation involves a possible breach of that Agreement/Proposal. MagiCon contends that Weatherford failed to pay 50 percent of the contract price for MagiCon's computer program.

Complicating matters, during the period MagiCon was negotiating the Agreement, its corporate charter was revoked. (Compl. ¶ 26.) Consequently, Weatherford contends that the Agreement was actually made as the individual acts of Defendants King

---

[2] Weatherford filed suit against MagiCon in federal district court alleging copyright infringement, breach of contract, unfair competition, misappropriation, an action under the Texas Theft Act, and declaratory and injunctive relief. MagiCon also filed suit in state court, and the action was removed. The two actions were consolidated into the present action. This case is a consolidated action of MagiCon's removed state court action (8-cv-3636) and a case filed in federal court by Weatherford (8-cv-3639) consolidated under case number 8-cv-3639. Because the parties are in opposing positions in the actions, the Court will eschew the labels Defendant and Plaintiff and refer to the parties by name. The individual parties aligned with MagiCon: King Wade Bennett, Bobby Diaz, Joe Puccia, and Mark Donaho will not, therefore, be referred to as Plaintiffs.

2

Wade Bennett and Mark Donaho, the member managers of MagiCon. (Compl. ¶ 26.) It is unclear when the Agreement was signed.

Weatherford now moves to strike Donaho's affirmative defense that he did not act in his individual capacity in the actions that give rise to this lawsuit. Bennett moves to dismiss claims against him because he claims that he did not act in his individual capacity. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338 and § 1367.

## II.  WEATHERFORD'S MOTION TO STRIKE DONAHO'S AFFIRMATIVE DEFENSE

### A. Standard

A court may strike from a pleading an insufficient defense on motion by a party. made within 20 days after being served with the pleading. FED. R. CIV. P. 12(f). Weatherford's Motion was made within 20 days of Donaho's Answer. Affirmative defenses are subject to the same pleading standards as complaints under Rule 8. *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). As the Supreme Court recently clarified, "[t]o survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). *See T-Mobile USA, Inc. v. Wireless Exclusive USA, LLC*, C.A. No. 3:08-cv-0340-G, 2008 WL 2600016 (N.D. Tex. July 1, 2008) (applying *Twombly* to an affirmative defense). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. ---, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).

The defendant must plead an affirmative defense with enough specificity to give the plaintiff fair notice of the defense that is being advanced. *Id.* A Rule 12(f) dismissal is permitted if the defense asserted is invalid as a matter of law. *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982); *Owens v. UNUM Life Ins. Co.*, 285 F. Supp.2d 778, 780 (E.D. Tex. 2003).[3]

**B. Analysis**

Donaho urges the affirmative defense that he is not liable to Weatherford in his individual capacity and, consequently, Weatherford's Complaint fails to state a claim against him. Weatherford responds that MagiCon's corporate charter was revoked during the negotiations for the Agreement/Proposal to develop software for Weatherford. It also contends that MagiCon was a thinly capitalized company and an alter-ego of Donaho. Weatherford further argues that, because Donaho was one of the two managers of MagiCon, he directed the activities and operations of MagiCon, including its acts of copyright infringement. Donaho does not respond to these arguments.

Specifically, Weatherford argues that Donaho has not alleged that the corporate debt was incurred over his objection or that it was incurred without his knowledge. *See* TEX. TAX CODE ANN. § 171.255(a) (providing two defenses for a director or officer's liability for debts created during the period when corporate privileges are forfeited: (1)

---

[3] Weatherford urges the Court to apply a three-part test often used by district courts in the Seventh Circuit. *See, e.g. Reis Robotics USA, Inc. v. Concept Indus., Inc.*, 462 F.Supp.2d 897, 905 (N.D.Ill. 2006). There, district courts: (1) examine whether the matter is appropriately pled as an affirmative defense, (2) determine whether the defense is adequately pled under Federal Rules 8 and 9, and (3) evaluate the sufficiency of the defense pursuant to a standard identical to that applied for 12(b)(6) motions. *Id.* As the Seventh Circuit's test incorporates both Federal Rule 8 and the 12(b)(6) motion standard, both approved by the Fifth Circuit, the Court will apply them here although noting that the explicit three-part test has not gained traction in this Circuit.

the debt was created over the director's objection and (2) the debt was created without the director's knowledge and exercise of reasonable diligence to become acquainted with the affairs of the corporation would not have revealed the intention to create the debt). Weatherford avers that the discussions, preliminary proposals and the Proposal for the Forecasting Module were submitted to MagiCon while its corporate charter was revoked. Weatherford provides dates for some of the contract negotiations that took place prior to the final Forecasting Module Agreement/Proposal. (Weatherford's Mot. at 4-5.) Consequently, Weatherford contends that the debt to Weatherford was created prior to the reinstatement and revival of corporate privileges of MagiCon.

King Wade Bennett, as another member manager of MagiCon,[4] responds to Weatherford's Motion regarding Donaho's affirmative defense. Bennett contends that Weatherford has not provided the Court the dates when MagiCon signed the Proposal or the dates on which formal work began on the Forecasting Module. Bennett contends that the Texas Limited Liability Company Act provides members of LLCs like MagiCon protection for debts, obligations, and liabilities of the LLC, and members are not proper parties to a proceeding against an LLC. Texas Limited Liability Company Act. Art. 4.03(A)-(B). Bennett also contends that the Texas Tax Code only allows a corporate officer to be liable for debt that is created or incurred after the date on which the tax is due but before the corporate privileges are revived. TEX. TAX. CODE ANN. § 171.255. *See, e.g., In re Trammell*, 246 S.W.3d 815, 821 (Tex. App.—Dallas 2008, no pet.); *PACCAR Financial Corp. v. Potter*, 239 S.W.3d 879, 882 (Tex. App.—Dallas 2007, no pet.) (holding that individuals who were directors when the franchise tax report was due but

---

[4] Bennett also contends that he is not liable because all of his actions were taken in his role as a member of MagiCon. His motion is discussed below.

resigned before the corporate debt was created or incurred were not liable under the Texas Tax code). Bennett does not deny that the corporate charter was revoked when the initial discussions, preliminary proposal and the Proposal were submitted to Weatherford.

Weatherford's Complaint includes an exhibit with the Proposal provided by MagiCon to Weatherford, but no signed writing that allows the Court to determine when the Proposal became a binding contract. (Weatherford Compl. Ex. H, C.A. No. 8-cv-3636, Doc. No. 1.) Texas case law holds that, for purposes of Tax Code section 171.255, the debt created by a contractual obligation is created at the time a contract is signed. *See, e.g., Serna v. State*, 877 S.W.2d 516, 520 (Tex. App.—Austin 1994, writ denied); *Curry Auto Leasing, Inc. v. Byrd*, 683 S.W.2d 109, 112 (Tex. App.—Dallas 1984, no writ) (affirming the trial court's decision not to impose individual liability on directors arising from a contract signed before corporate privileges were forfeited). Consequently, it is difficult for the Court to determine if MagiCon's corporate charter was revoked at the time the Agreement for the Forecasting Module was formally agreed upon. Because a possible factual conflict exists, and, without these relevant dates, the Court cannot conclude as a matter of law whether Donaho was individually liable such that his defense may be struck.

As noted in the separate Memorandum and Order discussing Joe Puccia's Motion to Dismiss, a claim of copyright infringement may properly lie against the corporation and employee, jointly and severally; however, depending on his activities at the time, Donaho may have a valid defense as to other of Weatherford's claims. The Court is unable to evaluate Weatherford's alter-ego argument at without further factual development. Consequently, Weatherford's Motion to Strike must be denied at this time.

III.    **BENNETT'S MOTION TO DISMISS**

### A. Standard

As previously described in part, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, a court must "accept the complaint's well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. ---, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).

### B. Analysis

Bennett claims that, at the time of the acts alleged by Weatherford, he was a member manager of MagiCon. Bennett notes that, according to the documents from the Texas Secretary of State's website, MagiCon was fully reinstated on July 11, 2007.[5] Bennett notes that Weatherford fails to specify when the agreement was finally reached with regard to the development of the Forecasting Module. Bennett contends that many

---

[5] These documents are attached to and incorporated into Weatherford's Complaint and may therefore be considered for a motion to dismiss. *Walch v. Adjutant General's Dept. of Texas*, 533 F.3d 289, 293-94 (5th Cir. 2008) (holding that letters that were attached to the defendants' motion to dismiss, whose authenticity was not in question, and that were referred to in the complaint, were properly considered on a motion to dismiss); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (citing with approval cases from other circuits that allow the consideration of documents attached to the defendant's motion to dismiss, are referred to in the complaint, and are central to the plaintiff's claim); *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996).

7

of the contested actions listed in Weatherford's Complaint occurred in December 2007 and 2008, after MagiCon had been reinstated.

Weatherford responds with the arguments presented in the context of its Motion to Strike Donaho's Affirmative Defense: (1) that MagiCon's corporate charter was revoked during the negotiation period and while Bennett was concluding the contractual arrangement for MagiCon to develop software for Weatherford; (2) that MagiCon was a thinly capitalized company and an alter-ego of Bennett, and (3) that, because Bennett was one of the two managers of MagiCon, he directed the activities and operations of MagiCon, including its acts of copyright infringement. As noted *supra*, it is unclear when the Proposal became a contract and MagiCon formally incurred debts to Weatherford. Moreover, a claim of copyright infringement may properly lie against both the corporation and its employees, jointly and severally.

The Court does not, at this stage, have a sufficient factual basis to decide whether Bennett may be liable under any of these three theories. Consequently, Bennett's Motion to Dismiss must be denied at this time.

### C. Rule 12(e) Motion for a more definite statement

In the alternative, Bennett asks the Court to order a more definite statement pursuant to Rule 12(e). A party is entitled to a more definite statement when a portion of the pleading, here the Complaint, is "so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e). Rule 12(e) motions are generally disfavored. When a defendant is complaining of matters that can be developed during discovery, not matters that prevent him from forming a responsive pleading, 12(e) motions are denied. *See, e.g. Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th

Cir. 1959); *Arista Records LLC v. Greubel*, 453 F.Supp.2d 961, 972 (N.D. Tex. 2006). *See also* 5A WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 1377 (2004). Bennett contends that, because Weatherford's ability to maintain causes of action against Bennett individually depends on when the relevant events happened, and Weatherford provides insufficiently specific dates, Bennett is unable to adequately defend himself.

Bennett however, has properly raised the defense that he was acting as the corporation during the relevant time period. Whether this is true is unclear given that no party testifies as to when the Agreement was signed or whether actions taken during the period when MagiCon was not a formal corporation form the basis of this lawsuit. Bennett's 12(e) motion shall be denied.

## IV. CONCLUSION

The Motion to Strike (C.A. No. 08-cv-3636, Doc. No. 36 and 37) of Weatherford must be **DENIED**. Bennett's 12(e) Motion is hereby **DENIED**. His Motion to Dismiss (C.A. No. 08-cv-3636, Doc. No. 24) is **DENIED** without prejudice to refiling should discovery reveal that all actions were indeed taken only in his capacity of the corporation such that claims against him are barred.

**IT IS SO ORDERED.**

SIGNED at Houston, Texas, on this the ___ day of August, 2009.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES
THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY

**OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**

Case 4:08-cv-03636 Document 45 Filed in TXSD on 08/10/09 Page 10 of 10